IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| HARDY K. AH PUCK, JR., #A0723792 | ) ) ) | CIV. NO. 17-00173 DKW-KJM |
|---|---|---|
| Petitioner, | ) ) ) | ORDER DISMISSING PETITION WITH LEAVE TO AMEND AND DENYING PENDING MOTIONS |
| vs. | ) ) | |
| STATE OF HAWAII, | ) ) | |
| Respondent. | ) ) | |
| _____ | ) | |

Pro se Petitioner Hardy K. Ah Puck, Jr., who is incarcerated at the Maui Community Correctional Center ("MCCC"), has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, a Motion for Temporary Restraining Order, a Motion for an Order to Award Recompense, and a Request for Default Judgment. *See* ECF Nos. 1, 4, 6, 7.

The Petition is DISMISSED without prejudice and Petitioner's Motions are DENIED. Petitioner may file an amended petition on or before June 9, 2017. Failure to comply with the court's instructions and timely file an amended petition will result in dismissal of this action without prejudice.

## I. BACKGROUND

Petitioner challenges probation revocation proceedings in *State v. Ah Puck*, 2PC121000560 (Haw. 2d Cir. Ct.) and *State v. Ah Puck*, 2FC121000272 (Haw.

Family Ct.), allegedly held on March 24, 2016.  *See* Petition, ECF No. 1; *see also* eCourt Kokua, https://jimspss1.courts.state.hi.us/JEFS (last visited May 2, 2017). Petitioner provides no details concerning his underlying convictions or sentences in these cases, nor does he explain what occurred at the revocation hearing. Rather, Petitioner complains that, although he told his probation officer, Craig Hirayasu, that he missed his probation appointment because he was in the hospital recovering from surgery, his probation was nonetheless revoked.  He apparently claims that the revocation of his probation was an abuse of discretion, because he allegedly had a valid excuse for his probation violation.  *See* Pet., ECF No. 1, PageID #6  (Ground One).

Petitioner states that he "forgot to file an appeal so it was waived or dismissed."  *Id.*, PageID #5.  He challenged the proceedings in the state court at some point, however, because he states that on or about January 17, 2017, his petitions were "waived and or dismissed."  *Id.*  He says that he "did not have a chance to appeal [the dismissal] of any petition, so I filed a prisoner civil rights complaint form," referring to *Ah Puck v. Werk*, Civ. No. 17-00154 DKW (D. Haw. 2017) (complaint dismissed with leave to amend May 2, 2017).

## II. THE PETITION IS DISMISSED

There are several problems with the Petition that must be cured before the Court can consider it.

First, a petitioner seeking a writ of habeas corpus must name the state officer having custody of him as respondent to the petition. *See* Rule 2(a) of the Rules Governing § 2254 Cases; *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir.1996); *Stanley v. Cal. Sup. Ct.*, 21 F.3d 359, 360 (9th Cir. 1994). The correct respondent is normally the warden of the facility in which the petitioner is incarcerated, or the chief officer in charge of state penal institutions. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992). Petitioner is DIRECTED to file an amended petition naming the official with the ability to release him from custody as Respondent.

Second, Petitioner apparently attacks the revocation of his probation in 2PC121000560, but he also refers to 2FC121000272, making it unclear which probation revocation proceeding he challenges. "A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." *See* Rule 2(e) of the Rules Governing § 2254 Cases. Petitioner is DIRECTED to clarify which revocation of probation sentence he challenges if he files an amended petition.

Third, Petitioner fails to specify the federal bases for his claims. That is, he fails to allege "that he is in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a). Rule 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) requires a federal habeas petition to state the facts that support each ground for relief. *See also Mayle v. Felix*, 545 U.S. 644, 654-55 (2005) (stating Habeas Rule 2(c) imposes "a more demanding" pleading standard than the Federal Rules of Civil Procedure require for ordinary civil cases). A federal habeas petitioner "is expected to state facts that point to a real possibility of *constitutional* error." *Wacht v. Cardwell*, 604 F.2d 1245, 1247 (9th Cir. 1979) (emphasis added). When, as here, a habeas claim makes only conclusory allegations, the petitioner is not entitled to federal habeas relief. *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations . . . [un]supported by a statement of specific facts do not warrant habeas relief."); *Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995) (same). The Court cannot make an educated guess as to what federal provisions Petitioner alleges were violated during his state proceedings, or what facts support such claims. If Petitioner is claiming that the state court abused its discretion by failing to credit his explanation for violating the conditions of probation, which

would be a violation of state law at most, he fails to state a claim pursuant to 28 U.S.C. § 2254. Petitioner is DIRECTED to clarify the federal bases for his claims.

Fourth, Petitioner repeatedly states that he has not appealed his revocation proceedings, nor properly filed a post-conviction petition pursuant to Rule 40 of the Hawaii Rules of Penal Procedure. *See* Pet., ECF No. 1, PageID #4-9. State prisoners who wish to challenge their confinement in federal court by a petition for writ of habeas corpus are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue sought to be raised in federal court. *See* 28 U.S.C. § 2254(b)©; *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *Rose v. Lundy*, 455 U.S. 509 (1982); *McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988).

State remedies must be exhausted except in unusual circumstances. *Granberry*, 481 U.S. at 134. If state remedies have not been exhausted, the district court must dismiss the petition. *Rose*, 455 U.S. at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988). A dismissal solely for failure to exhaust is not a dismissal on the merits, *Howard v. Lewis*, 905 F.2d 1318, 1322-23 (9th Cir. 1990), and does not bar a petitioner from returning to federal court after state remedies have been exhausted. If Petitioner files an amended petition, he must clarify the

5

steps he has taken to exhaust his federal claims in the state courts or explain why exhaustion should be waived.

Fifth, Petitioner is challenging revocation proceedings that he alleges occurred on March 24, 2016, more than a year before he signed the instant Petition on April 8, 2017. A one-year limitation period applies to applications for writs of habeas corpus, subject to certain tolling conditions. *See* 28 U.S.C. § 2244(d)(1)[1] and (2) (tolling the statute while a "properly filed" State post-conviction petition is pending). Petitioner is NOTIFIED that the Petition appears time-barred on its face and is subject to dismissal absent equitable tolling of the limitation period.[2] It is

---

[1] Under 28 U.S.C. § 2244(d)(1), there is a one-year period of limitation on an application for writ of habeas corpus by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

[2] Equitable tolling is available when "extraordinary circumstances beyond a prisoner's control ma[d]e it impossible to file a petition on time." *Roy v. Lampert*, 465 F.3d 964, 968 (9th Cir. 2006); *see also Holland v. Florida*, 560 U.S. 631 (2010).

Petitioner's burden to demonstrate that his claims are not time-barred.

The Petition is DISMISSED for the foregoing reasons. Petitioner may file an amended petition clarifying his claims and curing the deficiencies in his Petition on or before June 9, 2017.

## III. PETITIONER'S MOTIONS ARE DENIED

Petitioner has filed three motions: (1) Motion for Temporary Restraining Order and/or Preliminary Injunction ("TRO Motion"), ECF No. 4; (2) Motion for an Order to Award Recompense, or/and Compensate, ECF No. 6; and (3) Request for Default Judgment by the Clerk, ECF No. 7.

First, having dismissed the Petition, albeit with leave to amend, there is no basis in the record to consider or grant Petitioner's Motions. Moreover, Petitioner failed to sign any of his Motions, in violation of Rule 11 of the Federal Rules of Civil Procedure, and they are subject to being stricken unless that deficiency is promptly corrected. *See* Fed. R. Civ. P. 11(a) ("The court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention.").

Second, the Motions are individually frivolous. Petitioner's Request for Default Judgment by the Clerk is based on "what was said in Court of case no. # 15-1-0527." Mot. for Default, ECF No. 7. It appears Petitioner has confused

proceedings in the state court with the present federal action. Regardless, the Court has not directed Respondent to answer the Petition and Respondent is not in default for failing to do so. *See* Fed. R. Civ. P. 55 (governing the entry of default by the Clerk or the court); *see also* Rule 5 (a) of the Rules Governing Section 2254 Cases ("The respondent is not required to answer the petition unless a judge so orders."). Moreover, there is no "sum certain" at issue in this habeas proceeding, and thus, there is no basis to enter a default judgment. Petitioner's Request for Default Judgment by the Clerk is DENIED.

Petitioner's Motion for An Order to Award, Recompense or/and Compensate is incoherent. Petitioner wants his "claims to be put into action by means of debt validated, supreme law of land, oath in office to be sent to address bellow [sic]. And put in the account." Mot., ECF No. 6. Petitioner's claims will be "put into action" after he sufficiently clarifies them as discussed above. Moreover, a writ of habeas corpus will have no effect regarding debts owed in the state court. Petitioner's Motion for An Order to Award, Recompense or/and Compensate is DENIED.

Finally, Petitioner's TRO Motion appears to be directed to the Hawaii Second Circuit Court. *See* ECF 4 ("Plaintiff . . . hereby moves this Court Second Circuits for the issurance [sic] of an Order to Show Cause why the term and then

Terminate of Probation and discharge me from the jurisdiction of the Court dated on October 20, 2016."). Petitioner seeks relief pursuant to Hawaii Revised Statutes §§ 706-625(a) and 706-630. Petitioner fails to support the TRO Motion with any facts establishing his likelihood of success on the merits of his claims and irreparable harm in the absence of preliminary relief. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008). Because the Petition has been dismissed (albeit with leave to amend), there are no facts before the Court to support issuing injunctive relief in this case. Petitioner's Motion for Temporary Restraining Order and/or Preliminary Injunction is DENIED.

## IV. CONCLUSION

(1) The Petition is DISMISSED without prejudice. Petitioner is DIRECTED to file an amended petition on court forms. He must name a proper respondent, detail the facts underlying his claims, assert the federal bases for his claims, address the exhaustion of his claims, demonstrate that the Petition is timely (by including the date his probation was revoked and any facts relating to tolling), and sign the amended petition under penalty of perjury on or before June 9, 2017.

(2) Petitioner's (1) Motion for Temporary Restraining Order and/or Preliminary Injunction, ECF No. 4; (2) Motion for an Order to Award

Recompense, or/and Compensate, ECF No. 6; and (3) Request for Default Judgment by the Clerk, ECF No. 7, are DENIED.

(3) The Clerk is DIRECTED to send Petitioner a blank petition for writ of habeas corpus so he can comply with the instructions in this Order.

(4) Failure to timely file an amended petition will result in dismissal of this action without prejudice.

IT IS SO ORDERED.

DATED: May 4, 2017 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Hardy K. Ah Puck, Jr. vs. State of Hawaii*; Civil No. 17-00173 DKW-KJM;
**ORDER DISMISSING PETITION WITH LEAVE TO AMEND AND DENYING PENDING MOTIONS**

*Ah Puck v. Hawaii,* 1:17-cv-00173 DKW-KJM; OSC 2017 Ah Puck 17-173 dsm pet Resp, exh, sol, dny tro, mots)