IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HARDY K. AH PUCK, JR., #A0723792 | ) ) ) | CIV. NO. 17-00173 DKW-KJM |
| Petitioner, | ) ) ) | ORDER DISMISSING AMENDED PETITION WITH LEAVE TO AMEND |
| vs. | ) ) | |
| STATE OF HAWAII, | ) ) | |
| Respondent. | ) ) | |

Before the Court is Pro Se Petitioner Hardy K. Ah Puck, Jr.'s amended petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254(d). Am. Pet., ECF No. 13. Ah Puck remains incarcerated at the Maui Community Correctional Center ("MCCC"), and challenges the revocation of his probation, although the contours of that challenge are unclear. For the following reasons, the Amended Petition is DISMISSED. Ah Puck is granted leave to file another amended petition on or before September 8, 2017 that strictly complies with the directions in this Order. Failure to follow these instructions will result in dismissal of this action without further leave to amend.

**I.  BACKGROUND**

On April 14, 2017, Ah Puck filed his original Petition challenging probation revocation proceedings in *State v. Ah Puck*, 2PC121000560 (Haw. 2d Cir. Ct.) and

*State v. Ah Puck*, 2PC121000272 (Haw. Family Ct.). *See* Pet., ECF No. 1; *see also* eCourt Kokua, https://jimspss1.courts.state.hi.us/JEFS (last visited June 19, 2017).[1] Ah Puck provided few details regarding either case or the probation revocation proceedings. Generally, he that his probation was revoked because he failed to report to his probation officer while he was in the hospital recovering from surgery. *See* Pet., ECF No. 1, PageID #6. Ah Puck argued that this was an abuse of discretion.

Ah Puck claimed that he "forgot to file an appeal . . . so they dismissed all the Petitions," and gave him "no chance to defend my self." *Id.*, PageID #4. He alleged that his motions or pleadings were "waived and or dismissed" on or about January 17, 2017. Ah Puck failed to explain these statements or otherwise allege that he had exhausted his state remedies regarding the revocation of probation.

On May 4, 2017, this Court dismissed the original Petition. Order, ECF No. 9. The Order directed Ah Puck to file an amended petition that (1) named a proper respondent; and set forth the (2) underlying facts regarding the revocation of his probation, convictions, and sentences; (3) federal bases for his claims; (4) steps he

---

[1] A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

has taken to exhaust his claims in the state court; and (5) relevant dates that demonstrate the timeliness of his Petition. *See id.*

On June 5, 2017, Ah Puck filed the Amended Petition. ECF No. 13. It contains far less detail than the original Petition. Ah Puck claims his probation was "violated by probation officer without valid cause," (Ground One), and that he was "[d]enied right to a fair and speedy trial" (Ground Two). *Id.*, PageID #50, 52.

## II. DISCUSSION

The Amended Petition still fails to name the MCCC warden or another state official who has the ability to release Ah Puck, and it may be dismissed on this basis alone. *See* Rule 2(a) of the Rules Governing § 2254 Cases; *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir.1996); *Stanley v. Cal. Sup. Ct.*, 21 F.3d 359, 360 (9th Cir. 1994); *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992). Even if the Court substituted a proper respondent, however, the Amended Petition must be dismissed.

Although unclear, it appears that Ah Puck is alleging that his right to procedural due process under the Fourteenth Amendment was violated during probation revocation proceedings in 2PC121000560 and 2FC121000272. Yet the Amended Petition fails to provide *any* facts regarding his revocation proceedings. Ah Puck first complains that his probation officer, Craig Hirayasu, issued a

3

revocation warrant for his arrest despite Hirayasu's knowledge that Ah Puck was in the hospital and was unable to report to the probation office. He next alleges that he has been incarcerated for more than a year and has not had a hearing with Judge Cahill, "[r]egardless of whether I win the appeal." Am. Pet., ECF No. 13, PageID #52. Beyond these vague statements, Ah Puck provides nothing explaining how his right to due process was violated.

Rule 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) requires a federal habeas petition to state the facts that support each ground for relief. *See also Mayle v. Felix*, 545 U.S. 644, 654-55 (2005) (stating Habeas Rule 2(c) imposes "a more demanding" pleading standard than the Federal Rules of Civil Procedure require for ordinary civil cases). Equally important, a petitioner must, at a minimum, allege "that he is in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a). As this Court informed Ah Puck in its Order dismissing the original Petition:

> A federal habeas petitioner "is expected to state facts that point to a real possibility of *constitutional* error." *Wacht v. Cardwell*, 604 F.2d 1245, 1247 (9th Cir. 1979) (emphasis added). When, as here, a habeas claim makes only conclusory allegations, the petitioner is not entitled to federal habeas relief. *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations . . . [un]supported by a statement of specific facts do not warrant habeas relief."); *Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995) (same). The Court

4

> cannot make an educated guess as to what federal provisions Petitioner alleges were violated during his state proceedings, or what facts support such claims.

Order, ECF No. 9, PageID #36 (directing Ah Puck to "clarify the federal bases for his claims"). The Amended Petition fails to allege the constitutional bases for Ah Puck's challenge to the revocation of probation or facts in support of such claims.

## A. Due Process for Revocation of Probation

Probation revocation hearings do "not require the full panoply of procedural safeguards associated with a criminal trial." *Black v. Romano*, 471 U.S. 606, 613 (1985). Minimum due process requirements at revocation of probation hearings include (a) disclosure of the evidence against the probationer; (b) opportunity to be heard in person and to present witnesses and documentary evidence; and (c) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation). *Morrissey v. Brewer*, 408 U.S. 471, 488-89 (1972); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973). "[W]here the factfinder has discretion to continue probation, the procedures required by *Gagnon* and *Morrissey* assure the probationer an opportunity to present mitigating evidence and to argue that alternatives to imprisonment are appropriate." *Romano*, 471 U.S. at 614. Additionally, "[a] due process violation at a revocation proceeding is subject to harmless error analysis." *United States v.*

*Havier*, 155 F.3d 1090, 1092 (9th Cir. 1998). A petitioner is not entitled to habeas relief on a claim that a state court violated due process unless such error had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993).

**B.     Dismissal of the Amended Petition**

Contrary to Ah Puck's claim that he has been incarcerated for nearly a year without a hearing, the public docket in *State v. Ah Puck*, 2PC121000560, shows that Ah Puck was incarcerated pursuant to a probation revocation warrant on August 29, 2016. *See id.*, https://jimspss1.courts.state.hi.us/JEFS.

On October 20, 2016, Ah Puck was present and represented by counsel at a Show Cause hearing before Judge Peter T. Cahill regarding the revocation of his probation. *Id.*

On March 24, 2017, Ah Puck's attorney filed a Motion for Early Termination of Probation, pursuant to Rules 35 and 47 of the Hawaii Rules of Penal Procedure. *Id.* Ah Puck was present at the May 16, 2017 hearing on the Motion. *Id.* A second hearing is scheduled on August 24, 2017. These facts do not support a finding that Ah Puck was denied due process at the revocation hearing or thereafter, and Ah Puck provides nothing refuting this inference.

### III. CONCLUSION

Because the Amended Petition fails to name a correct respondent, clarify the federal bases for Ah Puck's claims, provide sufficient facts to support any federal cause of action, and appears unexhausted, *see* 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509 (1982), it is DISMISSED. Ah Puck may file an amended petition on or before September 8, 2017. Any amended petition must name a proper respondent, detail the facts, constitutional basis, and legal theory underlying Ah Puck's claims, and demonstrate that the Petition is fully exhausted. Failure to comply with these instructions will result in dismissal of this action without further leave to amend.

The Clerk is DIRECTED to send Ah Puck a blank petition for writ of habeas corpus so that he can comply with the instructions in this Order.

IT IS SO ORDERED.

DATED: June 21, 2017 at Honolulu, Hawai'i.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*Hardy K. Ah Puck, Jr. vs. State of Hawaii*; Civil No. 17-00173 DKW-KJM;
**ORDER DISMISSING AMENDED PETITION WITH LEAVE TO AMEND**

*Ah Puck v. Hawaii,* 1:17-cv-00173 DKW-KJM; OSC 2017 Ah Puck 17-173 (dsm amd pet)