IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HARDY K. AH PUCK, JR., #A0723792 | ) ) ) | CIV. NO. 17-00173 DKW-KJM |
| Petitioner, | ) ) ) | ORDER DENYING MOTION TO STAY |
| vs. | ) ) | |
| STATE OF HAWAII, | ) ) | |
| Respondent. | ) ) ) | |

Petitioner has filed a Motion to Stay this action for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. ECF No. 20. Petitioner apparently seeks a stay while state court proceedings regarding early termination of his term of probation in *State v. Ah Puck*, 2PC121000560 (Haw. 2d Cir. Ct.) and *State v. Ah Puck*, 2PC121000272 (Haw. Family Ct.), are pending. *See* Pet., ECF No. 1; *see also* eCourt Kokua, https://jimspss1.courts.state.hi.us/JEFS (last visited Sept. 11, 2017).[1]

---

[1] A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Petitioner's Motion to Stay is DENIED without prejudice. Petitioner is ORDERED to file an amended petition that complies with the Court's previous Orders on or before October 6, 2017.

## I. BACKGROUND

On April 14, 2017, Petitioner commenced this habeas action to challenge the revocation of his probation in 2PC121000560 and 2PC121000272.[2] Petitioner alleged that his probation was improperly revoked because, although he failed to report to his probation officer when required, he was unable to do so because he was in the hospital recovering from surgery. *See* Pet., ECF No. 1, PageID #6.

On May 4, 2017, the Court dismissed the Petition with leave granted to amend. Order, ECF No. 9. Petitioner was ordered to (1) name a proper respondent; and to set forth the (2) underlying facts regarding the revocation of probation; (3) federal bases for his claims; (4) steps he had taken to exhaust his claims; and (5) relevant dates regarding his claims.

On June 5, 2017, Petitioner filed an Amended Petition. ECF No. 13. On June 21, 2017, the Court dismissed the Amended Petition for its failure once again to name a proper respondent, clarify the federal bases for Petitioner's claims, and

---

[2]The charges in 2PC121000272 were dismissed with prejudice on June 9, 2016. *See* https://jimspss1.courts.state.hi.us/JEFS.

explain the steps Petitioner had taken to exhaust his claims. Order, ECF No. 19.
Petitioner was directed to file an amended petition on or before September 8, 2017, and was notified that a failure to comply with the Order's instructions would result in dismissal of this action.

On August 30, 2017, Petitioner filed the Motion to Stay and a notice of change of address that indicates he has been released from custody. ECF No. 20. Public records show that Petitioner has been released on probation and that a hearing is scheduled on September 28, 2017, in the Hawaii Second Circuit Court, regarding early termination of probation in 2PC121000560. *See* Hawaii SAVIN: https://www.vinelink.com/vinelink; https://jimspss1.courts.state.hi.us/JEFS.

## II. DISCUSSION

Petitioner fails to provide any reason why this action should be stayed in its present procedural posture.

First, Petitioner's two earlier petitions have been dismissed and he has not filed an amended petition complying with the Court's previous orders. There is therefore nothing before the Court to stay.

Second, Petitioner has a hearing scheduled regarding the early termination of his term of probation that may resolve any issues Petitioner is challenging. This hearing may also resolve whether Petitioner has fully exhausted his claims and

whether state court remedies are still available. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982).

Third, although the Court has authority to stay certain unexhausted habeas petitions, that option is available only in limited circumstances. *Rhines v. Weber*, 544 U.S. 269, 276, (2005). As the *Rhines* Court stated:

> [S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277. Because there is no operative petition to review, there is no means for the Court to determine whether Petitioner has good cause entitling him to a stay of this action or whether he has any meritorious claims. Petitioner's Motion clearly does not demonstrate such good cause.

Finally, although Petitioner's current release on probation does not deprive the court of jurisdiction over his claims, *see Chaker v. Crogan*, 428 F.3d 1215, 1219 (9th Cir. 2005) (holding probationer is still "in custody"), *if* Petitioner's term of probation is terminated, his challenge to his probation sentence will become moot. *See Spencer v. Kemna*, 523 U.S. 1, 14–16 (1998). Unlike criminal

4

convictions, no collateral consequences attend a prisoner's incarceration imposed for violation of parole (or probation) after the sentence for the violation is served. *See id.* In *Spencer*, the prisoner's petition was deemed moot because he had served the term of incarceration resulting from his parole revocation and there was no "case or controversy" to establish Article III standing. *Id.* at 14, 18.

### III. CONCLUSION

Petitioner's Motion for Stay is DENIED. He is ORDERED to submit an Amended Petition on or before October 6, 2017. The amended petition must name a proper respondent, detail the facts, constitutional basis, and legal theory underlying Petitioner's claims, and demonstrate that his claims are fully exhausted. Failure to comply with these instructions will result in automatic dismissal of this action without further notice.

///

///

///

The Clerk is DIRECTED to send Petitioner a blank petition for writ of habeas corpus form so that he may comply with the instructions in this Order.

IT IS SO ORDERED.

DATED: September 14, 2017 at Honolulu, Hawai'i.



    /s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*Hardy K. Ah Puck, Jr. vs. State of Hawaii*; Civil No. 17-00173 DKW-KJM; **ORDER DENYING MOTION TO STAY**

*Ah Puck v. Hawaii,* 1:17-cv-00173 DKW-KJM; OSC 2017 Ah Puck 17-173 (dsm amd pet)