IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HARDY K. AH PUCK, JR., #A0723792 | ) ) ) | CIV. NO. 17-00173 DKW-KJM |
| | ) | DISMISSAL ORDER |
| Petitioner, | ) ) | |
| vs. | ) ) | |
| STATE OF HAWAII, | ) ) | |
| Respondent. | ) ) | |
| _____ | ) | |

## DISMISSAL ORDER

On April 14, 2017, Petitioner commenced this habeas action to challenge the revocation of his probation in *State v. Ah Puck*, Cr. No. 2PC121000560 and *State v. Ah Puck*, Cr. No. 2PC121000272.[1]

On May 4, 2017, the Court dismissed the Petition with leave to amend. ECF No. 9. Petitioner was ordered to (1) name a proper respondent; (2) set forth the facts of the revocation of probation; (3) set forth the federal bases for his claims; and (4) describe the steps he had taken to exhaust his claims.

---

[1]The charges in 2PC121000272 were dismissed with prejudice on June 9, 2016. *See* https://jimspss1.courts.state.hi.us/JEFS.

On June 5, 2017, Petitioner filed an Amended Petition, ECF No. 13. The Court dismissed the Amended Petition as non-compliant with the Court's explicit directions in the May 4, 2017 Order. ECF No. 19. The Court directed Petitioner to file an amended petition on or before September 8, 2017, and notified him that a failure to do so would result in automatic dismissal of this action.

On August 30, 2017, Petitioner filed a Motion to Stay and a notice of change of address indicating that he had been released. ECF No. 20. The Court denied the Motion to Stay and instructed Petitioner to file an amended petition on or before October 6, 2017. ECF No. 21.

On September 25 and October 2, 2017, mail to Petitioner from the court was returned as undeliverable at his address of record. ECF Nos. 22, 23.

Public records now show that Petitioner is "Out of Custody," with the stated reason: "Dropped charges." *See* SAVIN: https://www.vinelink.com/vinelink.

## I. DISCUSSION

Federal courts may review only actual cases or controversies. U.S. Const. art. III, § 2, cl. 1. "[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997). In *Spencer v. Kemna*, 523 U.S. 1, 3 (1998), the Supreme Court addressed mootness in the context of a habeas petitioner's due

process challenge to the revocation of parole. *Id.* at 5. Before the district court had ruled on the petition, the petitioner was re-released on parole, and two months later, his sentence expired. *Id.* at 6. The Court concluded that these events mooted the habeas petition. *Id.* at 18. "Once the convict's sentence has expired . . . some concrete and continuing injury other than the now-ended incarceration or parole–some 'collateral consequence' of the conviction–must exist if the suit is to be maintained." *Id.* at 7.

Petitioner has been released on probation and public records show that his charges were "Dropped." SAVIN: https://www.vinelink.com/vinelink. His claim for habeas relief is moot. Moreover, Petitioner failed to comply with the Court's explicit directions and has apparently abandoned his suit. In light of this, the action is DISMISSED.

## II. CONCLUSION

This action is DISMISSED as both moot and for Petitioner's failure to comply with the Court's explicit directions regarding the amendment of his petition. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 2 (requiring petitioners to name the respondent and specify all grounds for relief in the petition); Rule 4 (directing the court to dismiss a petition if it plainly appears from the petition and any attached exhibits that the petitioner

is not entitled to relief in the district court).   The Clerk is DIRECTED to terminate this action.

IT IS SO ORDERED.

DATED: October 17, 2017 at Honolulu, Hawai'i.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*Hardy K. Ah Puck, Jr. v. State of Hawaii*, Civil No. 17-00173 DKW-KJM;
**DISMISSAL ORDER**

*Ah Puck v. State*, 1:17-cv-00173-DKW-KJM; habeas '17 Ah Puck 17-173 (dsm act)